# EXHIBIT A

1. Gregory Ackers (Pro-Per)
2. 299 17th St.
3. San Diego, Ca 92101

**FILED**
JUN 14 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY L. Del Mundo, DEPUTY

4. SUPERIOR COURT OF CALIFORNIA
5. SANTA CLARA COUNTY
6. Gregory Ackers (Et-Al)     CASE # 19CV349006
7. Principal Plaintiff
8. V.     ANTI-TRUST
9. GOOGLE     MONOPOLY
10. SUNDAR PICHAI     UNFAIR BUSINESS PRACTICE
11. Defendant(s)     JURY TRIAL DEMAND
12.            STATEMENT OF FACTS
13. We, the aforementioned CLASS, do represent to the Court that Dfts GOOGLE & its Founder/CEO have
14. employed ANTI-COMPETITIVE CONDUCT in order to diminish incentives of COMPETITION in re; the
15. cataloguing & dissemination of subscriber identification. In this way, Dft GOOGLE & its owner
16. engaged in stand-alone violations of COVENANTS NOT TO COMPETE, IN RE; UCL Business &
17. Professions code. Dfts did, indeed, employ anti-competitive contractual restrictions on automated
18. cross-management of subscriber information. Aforenamed restrictions are condemned by
19. CARTWRIGHT ACT (16720) of Calif. Business & Professions Code, as well as 16600-16602.5 of Calif.
20. Code, due to limitations on advertisers ability to make use of data. This reduced innovation &
21. increased transaction among advertisers & 3rd pty businesses. In addition, the activity degrades
22. quality of Dfts rivals, as well as search & search advertising. Dfts "preferred efficiency" justification
23. for restrictions was pre-textual. Dfts exclusionary agreements were, indeed, violative of Calif. Bus &
24. Prof. Code, due to the attempts by Dfts to actively foreclose a portion of the marketplace.
25. Their behavior resulted in denial-of-scale to any & all competitors, as well as being a significant
26. barrier to potential entrants, in the overall term.
27. WE, in acting as a CLASS, represent to the Superior Court that Dft(s) engaged in "abuse of
28. dominance" within the following areas:

           1.

1. The Class does allege to the Court that Dfts engaged in "abuse of dominance" within the
2. following 4 areas;
3. a.) Favorable treatment of its own vertical-search services, compared to its competitors in
4. natural search-results.
5. b.) The practice of copying 3rd pty-content (in order to supplement its own vertical offerings).
6. c.) Exclusivity agreements with publishers for provisions of search-advertising intermediate
7. services.
8. d.) Restrictions with regard to portability & cross-platform management of online advertising
9. campaigns.
10. The Class heretofore represents to the Superior Court that Dfts have engaged in Tort-liability.
11.                          JURISDICTION & VENUE
12. The Superior Court retains both Personal Jurisdiction over this civil lawsuit in re; CCP 395.5,
13. as well as Subject Matter Jurisdiction in re; CCP 410.50, as the amount of damages in question
14. exceed $1 Million. In re; CCP 382, this civil-lawsuit does stand as a class-action.
15.                          THE PARTIES
16. THE PRINCIPAL PLAINTIFF Gregory Ackers is a citizen of San Diego,Ca & is a GOOGLE
17. Subscriber with a GMAIL account.
18. THE CLASS is a multi-faceted cross-section of world citizens in re; "diversity" element of 28 USC-
19. Section 1332. GOOGLE customers do comprise an element of almost 2 billion people. They do
20. utilize GOOGLE as an industrial & communications platform..
21. THE DEFENDANTS involve GOOGLE, which is a public Delaware Corporation with Corporate
22. H.Q. in Sunnyvale,Ca. Sundar Pichai is the founder & CEO who owns & operates
23. GOOGLE. He is a citizen of California. Dft Google trades, leases & licenses search-products &
24. services, including a "horizontal" search-engine, as well as numerous integrated "vertical"
25. websites.
26.                          THE TECHNOLOGY INDUSTRY
27. The internet is a vast, largely unorganized platform of constantly-changing information, in which
28. algorithims act as an actual & virtual card-catalogue.

1. Dft has unlawfully "scraped", or appropriated content of vertical-websites in order to improve its
2. own online vertical-properties. In this way, GOOGLE sought to maintain, enhance & preserve
3. MONOPOLY power in mkts for search & search-advertising. Such conduct is violative of Section 2
4. of SHERMAN & CARTWRIGHT. In sum; evidence within this civil lawsuit detail Dfts
5. monopolistic activities in scraping rival content, in order to improve its own complimentary
6. vertical-offerings. This was done, egregiously, to the detriment of all rivals. These activities were
7. performed without countervailing efficiency justification.
8. Dfts conduct resulted & will result in harm to consumers & innovation within online search &
9. & advertising mkts. Dfts did strengthen MONOPOLISTIC, anti-competitive means, thereby
10. forestalling competitors abilities. This activity has overall lasting effects on overall consumer
11. welfare.
12.        PLATFORM PRIVELEGE
13. Clearly, Dfts do retain Platform Privelege, which allows them incentive & ability to prioritise their
14. own goods & svcs over that of their competitors.
15.     PRICE FIXING-GROUP BOYCOTTING/MKT DIVISION SCHEME/EXCLUSIVE
16.        DEALINGS/PRICE DISCRIMINATION/TYING
17. Dft(s) unlawfully maintained MONOPOLY over general search & search-advertising.
18. Furthermore, Dfts engaged in VIOLATIONS OF U.S ANTI-TRUST codes in the following ways;
19. a.) "Scraping" content of rival vertical-websites in order to improve its own product-offerings.
20. b.) Unfair methods of competition by entering into exclusive, restrictive agreements with web-
21. publishers, thereby preventing them from displaying competing search-results/advertisements.
22. c.) Maintaining contractual restrictions which inhibit cross-platform mgmt. of ad campaigns.
23. In utilizing these methods, GOOGLE, in alignment with its officers, has violated The Cartwright
24. Act, The Clayton Act, The FTC Act & The Sherman Act, simultaneously.
25.         CAUSES OF ACTION
26.          COUNT 1
27.         ANTI-TRUST
28. GOOGLE & its officers did willfully engage in "exclusionary course of conduct" (CARTWRIGHT)

## COUNT 2
### ILLICIT AGREEMENTS IN RESTRAINT OF TRADE

Dft GOOGLE has, indeed, acted in violation of Section 5 of Sherman Act (15 USC-Sec.1-7) by mktg free data to relevant industry & then altering & demoting data within the very same mktplace.

## COUNT 3
### MONOPOLISATION-VIOLATION OF FTC ACT

Dft GOOGLE has willfully engaged in MONOPOLISATION by "engaging deceptively & unfairly" through the altering of SERP-status, demotion of ad mkts & restriction (by "scraping") of search-advertising.

## COUNT 4
### DISCRIMINATION OF PRICE, SERVICE & FACILITIES

In re; The Cartwright Act; Dft(s) did engage in "discrimination of price between different purchasers of commodities". In re; chpts 81 & 100 of Title 15 (the role of commerce & trade in re; U.S. Code), Dft(s) have attempted to re-configure the High Performance Computing Act of 1991 (chpt 81) by covertly pirating IT commerce within the promulgation of a cyber-industry.

## COUNT 5
### UNFAIR COMPETITION

In re; CALIFORNIA BUSINEES & PROFESSION CODE 17200, et-seq, Dft(s) & Corp. officers engaged in UNLAWFULL, UNFAIR & FRAUDULENT BUSINESS PRACTICES. Dft(s) manage Headquarters of their own worldwide operations within the state of California & are, therefore, liable to commercial codes of that state.

## PRAYER FOR RELIEF

The CLASS prays to the Court for COMPENSATORY, PUNITIVE & INJUNCTIVE RELIEF for all Damages, as well as a neutral-interlocutor to perform an AUDIT on all Dfts. The SHERMAN ACT imposes damages of TWICE the amount obtained through conspirators course of illegality &, or TWICE the amount lost by victims of any & all criminal & civil liability (if the amount is over $100 million). The U.S. Supreme Court declared that all violations of SHERMAN do also violate the FTC Act, which bans unfair methods of competition, or "unfair & deceptive acts & practices". The

1. CLASS prays for the same damages in re; SHERMAN be also applied to FTC & CLAYTON. The
2. Clayton Act bans "discriminatory prices,services & allowances in dealing between
3. merchants. CLAYTON authorizes pvt parties to sue for TREBLE DAMAGES when harmed by
4. conduct in volation of SHERMAN & FTC,as well as obtaining INJUNCTIVE orders prohibiting
5. future anti-competitive behaviour. The CLASS prays for damages in the condidered amount
6. of all insidious profiteering in re; anti-trust & monopolization incurred by Dft(s) to hi-jack
7. the online mktplace. The CLASS prays for DAMAGES amounting to $1 Billion. This,including
8. all profits,receipts & accounts payable,if billed by Dft(s) in any act of illegality or civil
9. liability. These to be paid to The CLASS by any & all Dfts jointly,severally &,or,individually,in
10. association with legal,administrative & subsidiary costs. IN re; CCP 631 & Sec. 16 of Article 1
11. of The California Constitution,we,as a CLASS,hereby demand TRIAL BY JURY within the
12. Jurisdiction on all points so triable & judiciable.
13.
14.
15.
16.
17.
18. Respectfully submitted on this day June 1,2019 by Gregory Ackers (Principal Pltf)
19.
20. _____
21. Signed
22.
23.
24.
25.
26.
27.
28.