UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GREGORY ACKERS,

    Plaintiff,

    v.

GOOGLE LLC, et al.,

    Defendants.

Case No. 19-cv-05537-BLF

**ORDER GRANTING GOOGLE LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, DENYING PLAINTIFF'S MOTION TO REMAND, TERMINATING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE FIRST AMENDED COMPLAINT WITHOUT PREJUDICE**

[Re: ECF 6, 9, 16]

Before the Court are three motions: (1) Plaintiff Gregory Ackers's Motion to Remand, *see* ECF 6; (2) Defendant Google LLC's Motion to Dismiss Plaintiff's First Amended Complaint, *see* ECF 9; and (3) Plaintiff's Motion for Summary Judgment, *see* ECF 16. The Court finds that the matters are suitable for disposition without oral argument and VACATES the hearing set on February 20, 2020. For the reasons stated below, the Court DENIES Plaintiff's Motion to Remand, GRANTS Defendant Google LLC's Motion to Dismiss Plaintiff's First Amended Complaint and DISMISSES WITHOUT PREJUDICE the First Amended Complaint, and TERMINATES Plaintiff's Motion for Summary Judgment.

**I.  BACKGROUND**

Plaintiff Gregory Ackers, proceeding *pro se*, filed this putative class action in the Santa Clara County Superior Court on June 14, 2019, against Defendants Google LLC ("Google") and Sundar Pichai.[1] *See* Not. of Removal, Ex. A ("Compl."), ECF 1-1. On August 19, 2019, Plaintiff filed his First Amended Complaint.[2] *See* Not. of Removal, Ex. B ("FAC"), ECF 1-2. Plaintiff has

---

[1] Defendant Sundar Pichai has not been served and has not made an appearance in this case.
[2] Google argues it was not adequately served with the First Amended Complaint ("FAC") because

an email account with Google (a "Gmail account") and alleges that Google and Pichai "have employed ANTI-COMPETITION in order to diminish incentives of vertical-websites that invest in [and] develop innovative content." FAC at 1-2. Based on their actions, Plaintiff alleges seven causes of action for: (1) "exclusionary course of conduct" in violation of California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16700-16770; (2) illicit agreements in restraint of trade in violation of Section 5 of the Sherman Act, 15 U.S.C. §1 *et seq.*; (3) monopolization in violation of the Federal Trade Commission Act (the "FTC Act"), 15 U.S.C. § 45; (4) discrimination of prices between different purchasers of commodities in violation of California's Cartwright Act and "attempt[ing] to re-configure the High Performance Computing Act of 1991" in violation of 15 U.S.C. §§ 81 and 100; (5) violating California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; (6) racketeering in violation of Cal. Penal Code § 186.2(21); and (7) wire fraud in violation of 18 U.S.C. § 1343. FAC at 4-6.

Google removed the action to federal court on September 3, 2019, under 28 U.S.C. § 1331. *See* Not. of Removal ¶ 5, ECF 1. On September 9, 2019, Plaintiff moved to remand the case to state court. *See* Mot. to Remand, ECF 6. Google opposes. *See* Opp. to Mot. Remand ("Remand Opp."), ECF 11. On September 10, 2019, Google moved to dismiss the FAC, arguing that (1) Plaintiff does not have standing and so the FAC should be dismissed under Federal Rule of Civil Procedure 12(b)(1); (2) the FAC does not comply with Federal Rule of Civil Procedure 8; and (3) the FAC fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss ("MTD") at 4-13, ECF 9. Plaintiff opposes. Opp. to MTD ("MTD Opp."), ECF 21.

On October 7, 2019, Plaintiff filed a motion for summary judgment as to his claim under the FTC Act and for a breach of contract claim (which was not pled in the FAC). Mot. for Summ. J. ("MSJ"), ECF 16. Google opposes, arguing that (1) the motion is premature and not supported by evidence because no discovery has been taken; (2) there is no private right of action under the FTC Act; (3) Plaintiff may not introduce a breach of contract claim in a summary judgment

---

Plaintiff emailed the FAC to Google, which Google argues does not constitute valid service under California law. MTD at 4 n.2. The Court need not address this service of process issue as Google treats the FAC as the operative complaint and Google has waived any objection by failing to raise such a defense in the present motion. *See* MTD at 4 n.2; Fed. R. Civ. P. 12(h)(1)(A).

motion; and (4) Plaintiff's reliance on a 2012 Report by the Federal Trade Commission (the "FTC") is time barred and improper.  Opp. to MSJ ("MSJ Opp."), at 2-6, ECF 16.

## II.  DISCUSSION

### A.  Motion to Remand

Plaintiff moves to remand the case because he alleges that the California Superior Court has "original, exclusive, [and] subject matter jurisdiction" because of his claims under California's Cartwright Act and the UCL.  Mot. to Remand at 1 (emphasis omitted).  Google opposes, arguing that the Court has original jurisdiction over the federal claims and supplemental jurisdiction over the state law claims.  Remand Opp. at 2-4.

Except as otherwise provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  And "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In any civil action in which a district court has original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."  *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotation marks omitted).

Here, Plaintiff's second, third, and seventh causes of action are brought under the laws of the United States – that is, the Sherman Act, the FTC Act, 15 U.S.C. §§ 81 and 100, and 18 U.S.C. § 1343.  FAC at 5-6.  Therefore, the Court has original jurisdiction over these claims.  In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims because Plaintiff's state law claims are based on the same "common nucleus of operative fact" as his federal claims.  Indeed, Plaintiff uses the same set of facts for all of his claims and alleges that Google used unfair

1   methods of competition in violation of "Cartwright, Clayton . . . , FTC [and] Sherman,

2   simultaneously." FAC at 2-4 (emphasis omitted).

3   Accordingly, removal was proper, and the Court DENIES Plaintiff's Motion to Remand.

### B. Motion to Dismiss

Google moves to dismiss the FAC for lack of standing under Federal Rule of Civil Procedure 12(b)(1); failure to comply with Federal Rule of Civil Procedure 8; and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that Plaintiff lacks standing and the matter should be dismissed under Rule 12(b)(1), it need not address Google's remaining arguments.

#### i. Applicable law

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). To establish standing, a plaintiff must demonstrate (1) an "injury in fact," (2) that is fairly traceable to the defendant's challenged conduct, and (3) likely to be redressed by a favorable judicial decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks omitted). To be particularized, an injury "must affect the plaintiff in a personal and individual way," and to be concrete, the injury must be real and not abstract. *Id.* (internal quotation marks omitted). Plaintiff has the burden of proof to establish standing "with the manner and degree of evidence required at the successive stages of the litigation" because these "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan*, 504 U.S. at 561.

#### ii. Plaintiff lacks Article III standing

Google argues that Plaintiff lacks Article III standing because he fails to allege that he suffered an injury in fact that is fairly traceable to Google's alleged wrongdoing. MTD at 4-5. Google argues that Plaintiff only states that he uses Google's free email service and has failed to allege that he operates a rival website or paid money to Google. MTD at 5. Plaintiff opposes,

4

arguing that he pleads an injury because the FAC "was based[] verbatim[] on the 2012 FTC Competition Unit report on Google," and because Plaintiff and the putative class "allege Google[']s breach of contract as a means of redressing damages." MTD Opp. at 1 (emphasis omitted).

In reviewing the FAC, the Court is mindful that because Plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the Court has a duty to liberally construe his complaint, *see Nordstrom v. Ryan*, 762 F.3d 903, 920 n.20 (9th Cir. 2014), and the Court should afford him the "benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Even construing the FAC liberally, however, Plaintiff fails to allege that he suffered a concrete injury in fact. Plaintiff has not alleged that Google's allegedly anti-competitive conduct injured him. At most, Plaintiff makes general grievances about how Google's allegedly anti-competitive conduct may have affected Google's consumers or competitors. *See* FAC at 3. But, Plaintiff has neither alleged that he is a consumer or competitor of Google, nor alleged how Google harmed its consumers or competitors. While Plaintiff alleges that he is a "Google [s]ubscriber with a Gmail account," Google's email service is free and therefore Plaintiff is not a consumer simply because he has such an account. FAC at 2 (emphasis omitted); *see* MTD at 5. Moreover, general allegations are insufficient to allege standing as an injury must be "concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548.

Plaintiff argues that he has standing because the FAC is based on the FTC's 2012 Competition Unit report on Google. This is insufficient, however, to establishing standing because the report does not show how *Plaintiff* was injured by Google's alleged conduct. *See Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1104 (9th Cir. 2006) ("A plaintiff seeking to invoke federal court jurisdiction must plead that *he* has suffered some cognizable injury to make the threshold showing of a case or controversy.").

Plaintiff, therefore, has failed to meet his burden of establishing standing.

### iii. Conclusion

Because the Court finds that Plaintiff fails to allege a basis for standing, it does not have

subject matter jurisdiction to hear this case and need not address whether Plaintiff complied with Rule 8 or adequately stated a claim under Rule 12(b)(6). *Id.* at 1102, 1106 ("Because [plaintiff] lacked standing . . . , the district court lacked subject matter jurisdiction and should have dismissed the complaint on that ground alone."); *accord Teen Rescue v. Becerra*, No. 219CV00457JAMEFB, 2019 WL 4511622, at *4 (E.D. Cal. Sept. 19, 2019). Accordingly, for the reasons set forth above, the Court GRANTS Google's motion to dismiss and DISMISSES WITHOUT PREJUDICE the First Amended Complaint.

### C. Motion to for Summary Judgment

Plaintiff moves for summary judgment as to his third cause of action for violation of the FTC Act and for breach of contract, which is not a cause of action in the FAC. MSJ at 1. Google opposes, arguing that the motion for summary judgment does not address any dispositive issue and is premature because no discovery has been conducted. MSJ Opp. 2-3. In addition, Google argues that Plaintiff fails to provide "a single piece of evidence in support of his Motion," there is no private right of action under the FTC Act, and Plaintiff cannot introduce a new cause of action in its motion. MSJ Opp. 3-6. Because the Court has granted Google's motion to dismiss, the Court hereby TERMINATES this motion without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court (1) DENIES Plaintiff's Motion to Remand; (2) GRANTS Google's Motion to Dismiss and DISMISSES WITHOUT PREJUDICE the First Amended Complaint; and (3) TERMINATES Plaintiff's Motion for Summary Judgment. If Plaintiff intends to file an amended complaint, he must do so **by January 31, 2020.** If Plaintiff elects not to file an amended complaint, the clerk of the Court is directed to close this case. Any amended complaint and other papers filed with the Court shall be doubled spaced and in 12-point font.

**IT IS SO ORDERED.**

Dated: January 2, 2020

_____
BETH LABSON FREEMAN
United States District Judge