Gregory Ackers (Pro-Se)

503 W Olympic Bl.

Santa Monica 90401

capefilmsouthafrica@gmail.com

**FILED**

JAN 2 4 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Gregory Ackers (Et-Al)

       **Principal Plaintiff**

    **V.**

GOOGLE

SUNDAR PICHAI

       **Defendant(s)**

CASE# 19-cV-05537-BIF

ANTI-TRUST/MONOPOLY

BUSINESS CODE VIOLATIONS

JURY TRIAL DEMAND

PLAINTIFFS 2nd AMENDED COMPLAINT

STATEMENT OF FACTS

We,in acting as a Class,do hereby represent to the District that Defendants GOOGLE & SUNDAR PICHAI have employed ANTI-COMPETITION in order to diminish incentives of vertical-websites that invest in & develop innovative content. In so doing,Dft(s) engaged in stand-alone violations of COVENANTS NOT TO COMPETE in re; UCL Business & Professions Code. Furthermore, Dfts did employ anti-competitive contractual-restrictions upon automated cross-management of advertising campaigns uploaded to its platform. The Class does allege that GOOGLE employed aforementioned restrictions to impair rival COMPETITIVE abilities for general search & search-advertising. These activities are civilly liable in re; Californias Cartwright Act (1620 of Ca Business & Professions Code),as well 16600-16602.5 of California Code,due to "inherent limitation on advertisers to make use of data",thereby reducing innovation & increased transaction amongst advertisers & 3rd pty businesses. Aforesaid activities degrade quality of Dfts rivals in search & search-advertising. Dfts "preferred efficiency"justifications for stated restrictions is,obviously,pre-

1

textual. Dfts exclusionary agreements were,indeed,violative of California Code,because of attempts to foreclose on a portion of the mktplace. This behavior resulted in denial-of-scale to competitor as a significant barrier to potential entrants,in the overall status.

The Class alleges to the Court that Dfts engaged in "abuse of dominance" within the following 4 areas;

1.) Favorable treatment of its own vertical-search services,compared to its competitors in natural search-results.

2.) The practice of copying 3rd pty-content (in order to supplement its own vertical offerings).

3.) Exclusivity agreements with publishers for provisions of search-advertising intermediate services.

4.) Restrictions with regard to portability & cross-platform management of online advertising campaigns.

In re; Calif. Business & Professions Coda,any & all injured person(s) may bring a Private Action against these specific Civil Liabilities.

## JURISDICTION & VENUE

In re; Article 3-Sec.2,The District retains both PERSONAL JURISDICTION over this civil lawsuit due to; FRCP 4.Rule 4, SUBJECT MATTER JURISDICTION  due to 28 USC-Sec. 1331 & DIVERSITY JURISDICTION due to 28 USC-Sec. 1332. The amount of damages in  question exceed $1 Million. In re; FRCP Rules 28(a)(b),this civil-lawsuit does stand as a CLASS-ACTION.

## THE PARTIES

THE PRINCIPAL PLAINTIFF Gregory Ackers is a citizen of Santa Monica,Ca & is a GOOGLE Subscriber with a G-MAIL account.

THE CLASS is a multi-faceted cross-section of Californians in re; "diversity" element of 28 USC-Section 1332. Worldwide GOOGLE customers comprise an element of almost 2 billion people who utilize GOOGLE as an industrial & communications platform. THE DEFENDANTS involve GOOGLE,a Delaware Corporation with Corporate Citizenship @ its H.Q. in Mountain View,Ca. Sundar Pichai is the founder & CEO. He's a citizen of California. GOOGLE trades,leases & licenses search-products & services,including a "horizontal" search-engine,as well as numerous integrated "vertical" websites. Dft

## OUR STANDING

In re; Article 3 of the Constitution,as well as FRCP Rule 12(b)(1),we maintain that,in acting as a CLASS,we

1.) Represent a "Concrete Injury",due "GOOGLEs harm to consumers & the marketplace"(see COUNT 7)-
2.) Which is "traceable to GOOGLEs conduct" in acting as the worlds premiere information-technology provider.

3.) Our case can only "be redressed by favourable Judicial Precedent". We've detailed Dfts activity

of piratical,tyrannical circumvention of its customers,the marketplace & their competition.

GOOGLE acts as an enormous financial & political prevaricator of what's now known as the

Information-Industrial-Complex. No other online-industry owns & operates such large &

plentifull horizontal/vertical search-engines & market information with such predominance.

There's certainly nothing "conjectural or hypothetical" about GOOGLEs history of ANTI-TRUST. We

establish Rule 8 status in 8 "short,plain pgs which succinctly name our entitlement to relief as GOOGLE

customers & Dfts essential Promissory Estoppel in re; our TERMS OF SERVICE.

## CARTWRIGHT ACT

CARTWRIGHT is Californias Anti-Trust & Unfair Competition law,prohibiting anti-competition. Sec. 5

of FTC details any Anti-Trust actors' attempt to harm competitive process. GOOGLE has admitted to

engaging in a strategy of demoting commercial-links to various websites & data-customers.

Dfts identified comparison to alternative shopping sites as "undesirable to users",while utilizing

algorithims in order to demote these links to its own Search Engine Results Page. MONOPOLY's defined

as "the exclusive control of Supply or trade in a commodity or svc". Rival social-media sites are

dependent on GOOGLEs Web-Search results,in order to reach users. Dft's in the unique position to

make-or-break any Online business. Dfts activities result in significant loss-to-traffic of competitors. The

prominent Positioning of Dfts own vertical-properties led to gains in user-share of their own properties.

Much of GOOGLEs vertical-content is obtained through feeds from various websites,pursuant to

Free licensing for Dft to obtain this data. In addition to these feeds,Dfts usage of "Crawled-

Content" is pervasive. Search-advertising is a descriptive measure of the utilization of web-

3

monetization. The Dept of Justice has found that search-advertising is a relevant Anti-Trust mkt.

## GOOGLEs EXCLUSIONARY CONDUCT

"Conduct is EXCLUSIONARY when excluding competition on some other basis than efficiency, or the impairment of rival opportunitys". The Class represents that GOOGLE's guilty of entailing demotive algorithims & thoroughly preferencing its own vertical-content over that of its rivals,thereby changing its own Search Engine Results Page infrastructure. In so doing,GOOGLE impairs ability of its rivals to compete effectively. This activity is an exercise of MONOPOLY power,creating ANTI-COMPETITIVE effects upon the mktplace.


## GOOGLE  SCRAPES RIVAL VERTICAL-CONTENT

Dft manipulated its search-results to promote its own svcs over those of its rivals,thereby "harming consumers". 2012 FTC report stated "GOOGLE's anti-competitive behavior". Dft unlawfully "scraped",or appropriated content of vertical-websites in order to improve its own online vertical-properties. In this way, GOOGLE sought to maintain,enhance & preserve MONOPOLY power in mkts for search & search-advertising. Such conduct is violative of Section 2 of SHERMAN & CARTWRIGHT. The U.S. Supreme Court found that violations of FTC do also violate Sec. 7 of SHERMAN. In sum;evidence within this civil lawsuit detail Dfts MONOPOLISTIC activities in scraping rival content in order to improve its own complimentary vertical-offerings. This was done,egregiously,to the detriment of all rivals. These activities were performed without countervailing efficiency justification. Dfts conduct resulted & will result in harm to consumers & innovation within online search & advertising mkts. GOOGLE strengthened MONOPOLISTIC, ANTI-COMPETITIVE means,thereby forestalling competitive abilities. This activity has lasting effects on overall consumer welfare.

## PLATFORM PRIVELEGE

Clearly,Dfts retain PLATFORM PRIVELEGE,allowing them incentive & ability to prioritise their own goods & svcs over those of their competitors. These activities were commissioned in the following  6 ways:  (1). PRICE FIXING (2). GROUP BOYCOTTING (3). MKT DIVISION SCHEME(s) (4). EXCLUSIVE DEALINGS (5). PRICE DISCRIMINATION (6). TYING Dft(s) proactively maintained MONOPOLY over general search & search-advertising. Furthermore,Dfts engaged in Violation of U.S Anti-Trust Codes in the following ways;

a.) "Scraping" content of rival vertical-websites in order to improve its own product-offerings.

b.) Unfair methods of competition by entering into exclusive,restrictive agreements with web-

publishers,thereby preventing them from displaying competing search-results/advertisements.

c.) Maintaining contractual restrictions inhibiting cross-platform mgmt. of ad campaigns.

In utilizing these methods,GOOGLE,in alignment with its officers,has violated CARTWRIGHT,

CLAYTON (prohibiting predatory & discriminatory pricing), FTC & SHERMAN,simultaneously.


## CAUSES OF ACTION

### COUNT 1

### ANTI-TRUST

GOOGLE & its officers did willfully engage in "exclusionary course of conduct" (CARTWRIGHT).

In so doing, Dfts engaged precipitously in ILLICIT AGREEMENTS IN RESTRAINT OF TRADE.

Dft GOOGLE has,indeed,acted in violation of Section 5 of Sherman Act (15 USC-Sec.1-7) by mktg

free data to the relevant industry & then altering & demoting data within the very same mktplace.


### COUNT 2

### MONOPOLISATION-VIOLATION OF FTC ACT

Dft GOOGLE has willfully engaged in MONOPOLISATION by "engaging deceptively & unfairly"

through the altering of Search Engine Results Page-status,demotion of ad mkts & restriction (by

"scraping") of search-advertising. In terms of Precedent,we find that in re; U.S. V. Microsoft,Dft was

found guilty of MONOPOLISATION under Sec. 2 of SHERMAN due to their operation of browser-system

& web-handling information. This was affirmed by the D.C. Appellate Court.


### COUNT 3

### DISCRIMINATION OF PRICE,SERVICE & FACILITIES

In re; CLAYTON & CARTWRIGHT,Dft(s) engaged in "discrimination of price between different

purchasers of commodities".  We continue to allege GOOGLEs utilization of UNFAIR COMPETITION

In re; Calif. Business & Profession Code 17200,et-seq. GOOGLE & its officers unilaterally,as well as bi-

laterally (using its market-dominance among advertisers & competitors) CONSPIRED to engage in

UNLAWFULL,UNFAIR & FRAUDULENT BUSINESS PRACTICES. Dft(s) manage Headquarters of

their own  worldwide operations within the state of California & are,therefore,liable to Commercial

Codes of that State.


## COUNT 4

## WIRE FRAUD

In Re; 18 USC,Sec. 1343, GOOGLE did utilize "electronic mail (& other forms of WIRE Communication)

in furtherance of a broad scheme to DEFRAUD & illicitly,covertly,insidiously relegate commercial

information in order to advance its own dominant MONOPOLY of the internet marketplace". In re Chpt

81 & 100 of Title 15 (the role of commerce & trade in re; U.S. Code) GOOGLE achieved the re-

configuration of The High Performance Computing Act of 1991(Chpt 81) by covertly pirating IT –

commerce within the promulgation of a cyber-industry. WIRE FRAUD's Privately Actionable when

commissioned in conjunction with-


## COUNT 5

## RACKETEERING

In re; 18 USC-Chpt 96-Sec. 1343, utilized FRAUD by WIRE in order to commission CONSPIRACY & realign

proactive market-dominance over any & all competition.


## COUNT 6

## BREACH OF CONTRACT

In re; Calif. Civil Code Sec. 1473,GOOGLE was in BREACH of Vital Conjunctions,Conditional Clauses &

Clear-Full Performance,which actively induced their discharge of obligation. In re; 28 USC-Sec 1332,

We act as a diverse CLASS by alleging that Dfts certainly BREACHED their own course of conclusion by

inundating PROMISSORY ESTOPPEL. GOOGLEs own TERMS OF SERVICE maintain that it "reviews content

to determine illegality & violations of law",this despite the fact of GOOGLEs own course of bad-faith &

unfair dealing. We allege that GOOGLE's proactively in violation of its own TERMS OF SERVICE.

6

## COUNT 7

### CONSPIRACY

In re; Penal Code 182 PC & 18 USC-Sec. 371, "2 or more persons CONSPIRED to engage in the Federal Crime of WIRE FRAUD" (see Count 4).

### PRAYER FOR RELIEF

The CLASS prays to the Superior Court for COMPENSATORY,PUNITIVE & INJUNCTIVE RELIEF for all Damages, as well as a neutral-interlocutor to perform a FORENSIC AUDIT on all Dfts.The SHERMAN ACT imposes damages of TWICE the amount obtained through conspirators course of illegality or violations of law &,or or TWICE the amount lost by victims of any & all criminal & civil Liability (if the amount is over $100 million). The U.S. Supreme Court declared that all violations of SHERMAN do also violate the FTC Act,which bans unfair methods of competition,or "unfair & deceptive acts & practices". The U.S. Supreme Court moved that "all violations of SHERMAN do also violate FTC,which bans "unfair & deceptive acts & practices". We pray that the same DAMAGES in re; SHERMAN be also applied to CLAYTON & FTC. CLAYTON bans "discriminatory prices,services & allowances in dealing between merchants". CLAYTON also authorizes aggrieved parties to sue for TREBLE DAMAGES when harmed by Activity in violation of SHERMAN & FTC,as well as obtaining INJUNCTIVE ORDERS in re; DISCOVERY. We pray for DAMAGES in the considered amount of all insidious profiteering In re; Anti-Trust & Monopolisation incurred by Dfts in order to hi-jack the online mktplace.This,in addition to all profits,receipts & accounts-payable,if billed by GOOGLE in any act of Illegality or civil liability. These to be paid to The Class by all Dfts jointly,severally &,or individually,in association with all legal,administrative & subsidiary costs. In acting as a Class,we pray to the District for TRIAL BY JURY within the Jurisdiction on all points so triable & judiciable.

Respectfully submitted on this day of Jan 18,2020

By Gregory Ackers

_____

Signed